# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR416-238 |
| | ) | |
| ELLIOT JEFFERSON | ) | |

# ORDER

Before this Court on a DUI charge, doc. 1, Elliot Jefferson moves "for an order excluding or suppressing all evidence obtained in violation of constitutional guarantees under the Fourth Amendment to the United States Constitution when Mr. Jefferson was stopped at a safety checkpoint that did not meet the minimum constitutional prerequisites." Doc. 12 at 1. It arises from his encounter with a Fort Stewart Military Police Department roadblock:

> On or about, April 29, 2016, Mr. Jefferson was arrested for DUI, less safe and DUI *per se*, by Officers of Fort Stewart Police, including but not limited to, Officer Andres DelCampo, who were conducting a roadblock/safety check point at Ricker Avenue and 16th Street. While speaking with Mr. Jefferson, DelCampo smelled a strong odor of an alcoholic beverage coming from Mr. Jefferson. Mr. Jefferson submitted to HGN, Walk and Turn, and the One Leg Stand. Mr. Jefferson was transported to the Fort Stewart PMO where he

submitted to chemical analysis testing on the Intoxilyzer 9000. (Exhibit A).

Doc. 12 at 1.

Reminding that vehicle stops are Fourth Amendment seizures, doc. 12 at 2, Jefferson illuminates long-established legal limits on the use of roadblocks, *id.*, then concludes that suppression is warranted:

> Mr. Jefferson *shows* that said roadblock/safety check was not conducted in accordance with the laws controlling such including, but not limited to "minimum constitutional prerequisites" as defined in *LaFontaine v. State*, 269 Ga. 251 (1998) and *City of Indianapolis v. Edmond*, 53 U.S. 32 (2000). Therefore, the stop was illegal in that he was detained when the officers lacked an articulable suspicion that he had committed a crime or was going to commit a crime. He was then searched and seized without a warrant, probable cause, articulable suspicion, or consent.

*Id.* at 3 (emphasis added).

Actually, Jefferson has shown nothing but his own legal conclusion. To be sure, the U.S. Supreme Court has

> never approved a checkpoint program whose primary purpose was to detect evidence of ordinary criminal wrongdoing. Rather, our checkpoint cases have recognized only limited exceptions to the general rule that a seizure must be accompanied by some measure of individualized suspicion. We suggested in [*Delaware v. Prouse*, 440 U.S. 648 (1979)] that we would not credit the "general interest in crime control" as justification for a regime of suspicionless stops. 440 U.S. at 659, n. 18. Consistent with this suggestion, each of the checkpoint programs that we have approved was designed primarily

to serve purposes closely related to the problems of policing the border or the necessity of ensuring roadway safety.

*Edmond*, 531 U.S. at 41-42; LaFave, 4 SEARCH & SEIZURE § 9.7(b) (5th ed.).

Hence, roadblocks cannot be free ranging. They thus are limited "roadway safety" (license and registration) checks, or an "appropriately tailored roadblock set up to thwart an imminent terrorist attack or to catch a dangerous criminal who is likely to flee by way of a particular route. . . . While we do not limit the purposes that may justify a checkpoint program to any rigid set of categories, we decline to approve a program whose primary purpose is ultimately indistinguishable from the general interest in crime control." *Edmond*, 531 U.S. at 44; *see also Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990); *Merrett v. Moore*, 58 F.3d 1547, 1550-51 (11th Cir. 1995). To that end,

> [a] roadblock in Georgia is valid when it meets five requirements: (1) supervisory officers decided where and when to implement it for a legitimate purpose; (2) all vehicles were stopped; (3) the delay to motorists was minimal; (4) the operation was well identified as a police checkpoint; and (5) the screening officer was competent to determine which motorists should be given field tests for intoxication.

*United States v. Cole*, 2010 WL 3210963 at * 7 (N.D. Ga. Aug. 11, 2010) (quoting *Coursey v. State*, 295 Ga.App. 476, 477 (2009)); *accord*, *Spraggins v. State*, 324 Ga. App. 878, 880 (2013); *Evans v. Jones*, 2010 WL 4639260 at * 3 (M.D. Ga. 2010) (the police "conducted the roadblock in a constitutionally appropriate manner because all vehicles were stopped, the delay to motorists was minimal, the roadblock was clearly identified as such, and the [police] had been adequately trained to conduct the roadblock[, so] the Plaintiff suffered no constitutional violation . . . because of the roadblock.").

But again, Jefferson advances only a legal conclusion -- "that said roadblock/safety check was not conducted in accordance with the laws controlling such including, but not limited to "minimum constitutional prerequisites. . . ." Doc. 12 at 3. He cites *no* factual support. He evidently expects a hearing where the Government must show otherwise.

Objecting to an earlier version of Jefferson's motion, the Government insists that he has failed to plead facts (and cite to record support for them -- that he thus has failed comply with S.D. Ga. Loc. Cr.

4

R. 12.1[1] and *United States v. Broadnax*, 2016 WL 102197 at *1 (S.D. Ga. Jan. 8, 2016) ("[a]n unacceptable amount of judicial and prosecution resources are consumed if suppression motions are reached that fail to comply with S.D. Ga. Loc. Cr. R. 12.1. Enforcement of that Rule spares wasteful hearings based on supposed if not imagined 'facts.'"). Doc. 11 at 2.

The Government prevails here because Jefferson's "Amended" motion still fails to satisfy either the Eleventh Circuit standard for suppression motions or Rule 12.1. As previously explained:

> "'A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the Court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions. . . .'" *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)) (emphasis added). A defendant is not entitled to a hearing on his suppression motion unless he "allege[s] facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527 (emphasis added). It is not sufficient for defendants to "'promise' to prove at the evidentiary hearing what they did not specifically allege in their motion to suppress." *Cooper*, 203 F.3d at 1285.

---

[1] "Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." S.D. Ga. Loc. Cr. 12.1.

*United States v. Bostic*, 2016 WL 4523832 at * 1 (S.D. Ga. Aug. 29, 2016), quoted in *United States v. Lovett-McGill*, ___ F. Supp.3d ___, 2017 WL 901898 at * 2 (S.D. Ga. Mar. 7, 2017).

In *Bostic*, the defendant filed a suppression motion but the only facts he asserted were "that the police warrantlessly seized him and his vehicle, 'removed' him from that vehicle, executed the warrantless search of the vehicle after he was handcuffed and placed in the back of the patrol car, and then seized the pistol that forms the basis of his prosecution." *Bostic*, 2016 WL 4523832 at *2. "Of course," this Court concluded,

> the mere assertion that police conducted a warrantless seizure and search of Bostic and his vehicle does not show that his rights were in any way violated or that he is entitled to the suppression of evidence. Legions of cases have upheld warrantless searches and seizures as "reasonable" within the meaning of the Fourth Amendment. Simply alleging that a search or seizure was "warrantless," therefore, does not establish its constitutional invalidity.

*Id.*

Similarly, "roadblock defendants" don't get to conclusorily assert a general constitutional infirmity, then use a hearing to fish for supporting facts and otherwise force the Government to disprove their legal

6

conclusion.[2] Instead, defendants must clearly specify the constitutional flaw *and* factually support it (*e.g.*, with an affidavit from someone with personal direct knowledge, a police report, etc.). "Something must be wrong here" does not satisfy *Richardson, Cooper* and *Bostic*. Jefferson must at least cite to something supporting his roadblock-infirmity contention. Because he has failed to do so, his suppression motion is **DENIED**. Docs. 10 & 12.

---

[2] Defendant Bostic committed the same error:

> True, Bostic further asserts that "the police had no legal reason to stop, seize, and search" him or his vehicle, they lacked any "reasonable, articulable suspicion" that he was involved in criminal activity, and they acted "in violation of the Fourth Amendment." Doc. 23 at ¶¶ 2, 5, 6. These, however, are mere conclusions, not facts. As the Eleventh Circuit has held, such conclusory, factually deficient claims not only fail to entitle defendant to an evidentiary hearing on his motion, they warrant the denial of the motion. *Richardson*, 764 F.2d at 1527 (defendants' claim that they were arrested and searched without probable cause was a conclusory assertion unaccompanied by any facts to support their contention, and therefore the trial court did not abuse its discretion in declining to hold an evidentiary hearing or denying the motion); *id.* at 1528 (defendant not entitled to an evidentiary hearing on his claim that the warrantless search of his premises was "without probable cause," as he never described the particular factual circumstances that offered support for that conclusory statement); *Cooper*, 203 F.3d at 1284 (defendants not entitled to evidentiary hearing where their "claim to standing [was] founded only on their ultimate conclusion that the hotel room was 'theirs,' rather than on facts demonstrating that conclusion to be true.").

*Bostic*, 2016 WL 4523832 at *2.

7

The defendant is free to renew his motion -- in compliance with Rule 12.1 and *Richardson/Cooper* -- within 14 days of the date this Order is served.

**SO ORDERED**, this 15th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA